William R. Brennan, Jr., J.
This is a motion by plaintiff to strike defenses and counterclaims for insufficiency (Rules Civ. Prac., rule 109) and for judgment on the pleadings (Rules Civ. Prac., rule 112). The action is for breach of a contract for the sale by plaintiff to defendant of a dental practice. The real *442 question upon this motion is whether a defense of illegality has been adequately pleaded.
The. contract provided, among other things, as follows:
“ 3. Dr. Bluestone shall also pay to Dr. Jones an additional sum of Fifteen Hundred ($1,500.00) Dollars soon after January 1, 1960, and he shall also pay to Dr. Jones additional monthly payments for the months of December 1959, January 1960, February 1960, March 1960 and April 1960, the amounts of said respective monthly payments to be equal to the average monthly payments received by Dr. Jones for the corresponding months in the preceding five years, with the express understanding that actual income for the said months of December 1959 and January, February, March and April 1960 shall have no application to the situation. The payment for any particular month shall be made on the first day of the next succeeding month.
“ Said payments of $1,500.00 and said monthly payments shall be in full payment for future consultative services to be rendered by Dr. Jones to Dr. Bluestone, it being expressly understood that Dr. Jones may, at all times, refuse to render such consulative services if the same does not suit his own convenience, at his sole discretion.
“ 4. The present ‘ shingle ’ is to be continued in use by Dr. Bluestone for whatever period of time he chooses. In other words, the name of Dr. Jones is to remain in its present form on the shingle without any change, addition or deduction of any kind.”
As to these provisions, the answer contains the following:
‘ ‘ seven. Subsequent to the execution and delivery of said agreement, plaintiff herein notified defendant herein that the foregoing provisions whereby plaintiff herein agreed to render consultative services to and on behalf of defendant, as well as the use of a sign or shingle bearing the name of plaintiff herein, are illegal and against public policy, in that they are in direct and clear violation of the Education Law of the State of New York, involving revocation of license and criminal prosecution, and also in violation of the Code of Ethics of the Dental Society of the State of New York, and plaintiff herein further repudiated said provisions of the agreement.
‘ ‘ eight. After receiving said information from plaintiff herein, defendant herein now verily believes that the advice received from plaintiff as aforesaid is correct.
* ‘ nine. By reason of the foregoing, defendant has refused to make the aforesaid payments to plaintiff and defendant is entitled to be relieved of making said payments.”
*443 This pleading does not comply with section 242 of the Civil Practice Act.
‘ ‘ § 242. Certain facts to be pleaded.
“ The defendant or plaintiff, as the case may be, shall raise by his pleading all matters which show the action or counterclaim not to be maintainable, or that the transaction is either void or voidable in point of law, and all such grounds of defense or reply, as the case may be, which if not raised would be likely to take the opposite party by surprise or would raise issues of fact not arising out of the preceding pleadings, as, for instance, fraud, statute of limitations, release, payment, facts showing illegality either by statute, common law or statute of frauds. The application of this section shall not be confined to the instances enumerated.” (Dodge v. Richmond, 5 A D 2d 593.)
It will be noted that there is no unequivocal allegation that the contract is illegal, nor is there any exact statement of the provisions allegedly violated; nor does defendant point to any in his memorandum of law submitted on this motion. What is plaintiff required to do that violates any law or code by which the parties are bound? Wherein does such violation consist?
The allegation that “ plaintiff herein further repudiated said provisions of the agreement ” is conclusory.
The denials raise no issue (Rules Civ. Prac., rule 92).
The plaintiff’s motion is accordingly granted, with leave to defendant to replead within 15 days after the entry of the order hereon.