William E. Brennan, Jr., J.
This is a motion to strike from a second amended answer an affirmative defense and for judgment on the pleadings. Heretofore and on January 12, 1961 this court made an order granting similar relief with respect to the amended answer, with leave to replead. (Jones v. Bluestone, 28 Misc 2d 441).
The second amended answer to which this motion is addressed seems an attempt to repair the defects existing in its predecessor. Paragraph “Nine” reads as follows: “Subsequent to the execution and delivery of said agreement and subsequent to the payment of $720.00 herein above referred to and the delivery of the check of $1500.00 hereinbefore referred to, plaintiff caused notice to be given to defendant herein that the foregoing provisions whereby plaintiff herein agreed to render consultative services to and on behalf of defendant, as well as the use of a sign or shingle bearing the name of plaintiff herein, arc illegal and against public policy, in that they are in direct and clear violation of the Education Law of the State of Nbav York, involving revocation of license and criminal prosecution, and also in violation of the Code of Ethics of the Dental Society of the State of New York.” In paragraph “Ten” there is recited the sending of a letter by plaintiff’s attorney to defendant. It contains no specification of any conduct involved in this action which is illegal or unethical. In paragraph “ Twelve ” it is formally alleged that provisions of the contract are illegal as being in violation of the Education Law, without any specification or allegation of the specific provision which would allegedly be violated by performance of the contract.
The pleading of the defense of illegality is not in accordance with section 242 of the Civil Practice Act. No matter is pleaded showing that any aspect of the contract is either illegal or unprofessional; nor does the defendant advance any theory in the memorandum in opposition to this motion which particularizes the conclusion of illegality. The questions posed by the court in its memorandum decision of January 9, 1961 (Jones v. Bluestone, supra) remain unanswered. What is plaintiff required to do that violates any law or code by which the parties are bound? Wherein does such violation consist? To that may be added the question: wherein has plaintiff breached the contract!
The motion is therefore granted without leave to replead, the answer is stricken and the plaintiff shall have judgment accordingly.